## GAMBLE v. LEVA.   (2 Div. 843.)

(Supreme Court of Alabama.   Nov. 20, 1924.)

**1. Insane persons ⬦⟿64—Son having ability required to support indigent father.**

Under Code 1907, § 1614, insane son, who had sufficient property to support dependent father, who was unable to maintain himself, was liable for such support.

**2. Insane persons ⬦⟿64—Guardian of insane person may be permitted to support indigent father of such person out of estate.**

Under Code 1907, § 4403, guardian of insane person may be permitted by probate court to apply portion of income or principal of such person's estate to father dependent on him.

**3. Insane persons ⬦⟿64—"Family" of son defined.**

"Family" is flexible in meaning, and depends for definition largely on different circumstances under which used, and, as used in Code 1907, § 4403, requiring probate court to direct portion of insane person's property to be appropriated for support of family, includes those persons to whom insane person was liable to support or aid in supporting from his estate, in view of section 1614; (citing Words and Phrases, Second Series, "Family").

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Family.]

**4. Insane persons ⬦⟿64—Statutory amount recoverable by county for support does not control allowance for support of dependent of insane person.**

Provision of Code 1907, § 1614, permitting county to recover from persons liable thereunder to support poor persons at rate of $8 per month for support furnished by county, does not control allowance by probate court, on application of guardian of insane person, under section 4403, for support of such person's dependents from his estate.

**5. Insane persons ⬦⟿64—Allowance of $12 per month for support of dependent father of insane person held reasonable.**

Where insane person was supported by government, and had estate of from $5,000 to $6,000, and monthly income from government, above support, of $157.50, out of which guardian had to pay only for his clothing and tobacco, allowance of $12 per month, under Code 1907, § 4403, for support of father, his only dependent, was reasonable.

**6. Insane persons ⬦⟿64—Method of determining portion of estate of insane person to be appropriated to support of dependent father stated.**

In fixing portion of estate of insane person to be appropriated, under Code 1907, § 4403, to support of dependent father, court should determine whether estate is sufficiently able to contribute, and, if so, the amount should be suitable to estate and condition in life of parties to be supported from it.

Appeal from Probate Court, Dallas County; Watkins M. Vaughan, Judge.

Petition by Leo Leva, as guardian of the estate of Thomas L. Acoff, a person of unsound mind, for permission to apply a portion of the estate of the ward to support the father of the ward. From a decree or judgment granting the petition, Harry W. Gamble, guardian ad litem for the non compos, appeals. Affirmed.

Harry W. Gamble, of Selma, for appellant.

A child was, at common law, under no obligation to support his parent. 29 Cyc. 619; 20 R. C. L. 587; Duffy v. Yordi, 149 Cal. 140, 84 P. 838, 4 L. R. A. (N. S.) 1159, 117 Am. St. Rep. 125, 9 Ann. Cas. 1017. He can be compelled to do so only by suit of the county. Code 1907, § 1614. The father is not brought within the provisions of Code 1907, § 4403. 2 Words & Phrases, Second Series, 461.

Pitts & Leva, of Selma, for appellee.

The father is included in the provisions of the statute. Code 1907, §§ 1614, 4403; L. & N. v. Jones, 130 Ala. 456, 30 So. 586; Williams v. Williams, 202 Ala. 540, 81 So. 41.

MILLER, J. This is an application by Leo, Leva, as guardian of Thomas L. Acoff, a person of unsound mind, for a portion of the income or of the principal of his estate, to be appropriated under decree of the court to the support of Elbert Acoff, his father, on the ground his estate is sufficiently able to contribute to his support, that Elbert Acoff is unable to maintain himself, and a dependent father is part of the family of a son, who has no wife or children. Henry W. Gamble was appointed guardian ad litem by the court to represent Thomas L. Acoff in this proceeding. The court, by decree on the hearing, found the averments of the application to be true, granted the application, and directed the guardian to pay out of the estate the sum of $12 a month for the support and maintenance of Elbert Acoff, the father of Thomas L. Acoff. This appeal is prosecuted by the guardian ad litem from that decree, and it is the error assigned.

It appears from the sworn application and the decree of the court, which found the averments therein to be true, that Thomas L. Acoff, a Negro, became insane, incurably so, while a soldier in the United States Army, and is now confined in a government hospital at Washington, D. C. The United States government pays his guardian $57.50 per month on an insurance policy, and $100 per month as compensation, and the only expense to be paid by his guardian is for his clothing and tobacco. His estate now in the hands of his guardian, has accumulated from these sources until it amounts to between $5,-

⬦⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

000 and $6,000, and is increasing monthly. He has no wife or children. His father, Elbert Acoff, is over 70 years of age, unable to earn a living, and needs assistance. No one except his father is dependent on him for support and maintenance.

[1] A son with sufficient ability must support his father, if he is unable to maintain himself. Section 1614, Code 1907. In construing this section (section 1614, Code 1907) as it appeared in the Code of 1896, which is the same as in the Code of 1907, this court, in L. & N. R. Co. v. Jones, 130 Ala. 473, 30 So. 591, wrote:

"That the intestate's mother was a widow was a fact relevant to show that she stood in a relation of dependency, and therefore would probably have received contribution from him, had he lived. This from a legal, as well as moral, standpoint, since, under section 3233 of the Code, the son is legally liable for the support of an indigent mother."

In Williams v. Williams, 202 Ala. 540, 81 So. 42, this court again wrote:

"It is therefore, likewise, the duty of the child to support the parent, if the parent is unable to support himself and the child is able so to do."

So it appears from the application and the facts stated in the decree that Elbert Acoff is the father of Thomas L. Acoff; that he is old and unable to maintain himself; that he is dependent on his son; and his son from his estate has sufficient ability to support his father. This makes the son liable to support his father. Authorities supra.

[2, 3] But this son is insane. Can his guardian by application to the probate court having jurisdiction of his estate, secure permission by decree for a portion of the income or principal of the estate to be appropriated to the support of the father? Section 4403 of the Code of 1907 permits the probate court to do so for the support of the family of the insane person. Thomas L. Acoff has no wife—no children and no dependents, except his father. Can a father be included in the family of a son? Does the word "family," as used in section 4403 of the Code of 1907, include, under the facts of this case, an indigent father of an insane son with sufficient estate to support both from the income? The word family is flexible in its meaning, depending for its definition largely on the different circumstances under which it is used. 2 Words and Phrases, Second Series, p. 461. As it appears in this section (4403), it was intended to include all those persons to whom the insane person was liable to support or aid in supporting from his estate. The word "family," as here used, includes his father, as he has sufficient estate to support himself and his father; his father being unable to maintain himself, and there being no other de-

pendents. Sections 4403 and 1614, Code 1907, and authorities supra.

[4-6] Did the court err in the amount, $12 per month, allowed out of the estate of the son for the support of his father? Under section 1614, Code 1907, when the county makes provision for such persons it can recover from the person liable thereunder for the support at the rate of $8 per month from the time the county made provision for him. This is persuasive, but not controlling, on the probate court in the amount of support to be allowed under application of the guardian, under section 4403 of the Code of 1907. In fixing the portion of the income or principal of the estate of such insane person to be appropriated to the support of the indigent father, the court should determine, first: Is the estate sufficiently able to do so? If so, then the amount thereof should be suitable to the estate and the condition in life of all the parties to be supported from it. Authorities supra. This amount, of $12 per month, fixed by the court, is neither unreasonable nor excessive, under the facts shown by the application and found true by the decree.

The decree is free from error, and is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.