[Civ. No. 4745. Third Appellate District.—October 9, 1933.]

FRANK POMETTI, Respondent, v. G. N. LARAIA et al., Appellants.

Wellborn & Wellborn and Stephen Monteleone for Appellants.

C. E. Heidingsfelder and E. M. Torchia for Respondent.

BURROUGHS, J., *pro tem.*—Henrietta Pometti was the mother of five children at the time of her marriage to Francesco Pometti in 1891. Of this second marriage there were five children, and these ten children were raised as one family. Considerable property, or at least numerous separate pieces or parcels of real estate were accumulated during the years that elapsed between their marriage and the death of Mrs. Pometti in 1923.

This is an action to quiet title to certain pieces of real estate in the city of Los Angeles. The action is brought by (Francesco) Frank Pometti and the five children of Mrs. Pometti's former marriage are named as defendants. The complaint was filed April 27, 1928.

Certain undisputed facts are as follows: In December, 1915, Frank Pometti executed to his wife, Henrietta Pometti, a deed of gift of the two pieces of property involved in this action. April 27, 1922, Henrietta Pometti redeeded this same property to her husband, Frank Pometti. On the twenty-ninth day of April, 1922, Frank Pometti made his will, and at the same time, and in the same place, Henrietta Pometti made her last will and testament. The wills were nearly identical, the husband giving all to the wife during her lifetime, and at her death to be distributed among the ten children in certain portions. In the same manner the

wife gave to her husband for life, ''all my interest into the community and separate property, both real and personal, of every kind, . . . the remainder of said property to vest at his death as follows:'' (Then follows the same distribution that is made in the will of Frank Pometti.) The two properties affected by this action were to be distributed to the children of the first marriage, the defendants and appellants herein. Henrietta Pometti died in July, 1923. Her will was duly admitted to probate.

Frank Pometti, the plaintiff and respondent, was the executor of his wife's will. In the final account and petition for distribution signed and verified by said Frank Pometti, he states: ''That all of the said property mentioned in said will is community property and was purchased by the said petitioner, Frank Pometti, after marriage.'' In the prayer of said petition the petitioner asks: ''That a decree be made for the distribution of said estate, and that all of the said estate be distributed to your petitioner herein.''

In December, 1925, a decree of distribution was made and entered in the Estate of Henrietta Pometti, deceased, by which decree the property was distributed according to the terms of the will, and not according to the prayer of the petition for distribution.

November 10, 1926, a petition to modify the decree was filed. Said petition was signed and verified by Frank Pometti. This petition alleges a mistake in the decree, and sets forth the minute order of the court upon the hearing of the final account and petition for distribution, as follows: ''Account settled; distribution ordered.'' There is nothing in the record to show what, if any, action was taken on this petition to modify it.

Appellants contend that the evidence fails to support the finding of fact, that on the twenty-ninth day of December, 1915, while the plaintiff herein was sick, he unknowingly executed a deed of gift to the property described in the complaint to his wife, Henrietta Pometti, now deceased; that the evidence fails to support the finding that on the twenty-seventh day of April, 1922, the said Henrietta Pometti, voluntarily, without menace, duress or undue influence on the part of the plaintiff or anyone else in his behalf, after being fully advised of her rights in the premises,

in consideration of the love and affection, and for the better maintenance, support, protection and livelihood of the plaintiff, redeeded said property to the plaintiff. We think there is ample evidence in the record to sustain these findings.

Witness Vincent Giorgio, testified that he visited Frank Pometti during the month of December, 1915, twice, and that "he Pometti was very, very sick in bed". Witness Jo Longo testified that he visited Mr. and Mrs. Pometti in December, 1915: "He was very bad sick the first time I went to see him"; that he visited him several times; he remembered the date because it was close to Christmas. Frank Pometti testified: That he was very sick during the month of December, 1915; that he had typhoid fever; that he was sick for thirty-five days; that he does not remember signing anything during the month of December, 1915; that he found out afterwards, about 1922; that he got a lawyer and went to the records; after that he talked to his wife about it, and "she told me she didn't know a thing about it". Further, that his wife said: "If you think I done something wrong, I go to the lawyer and get the thing straightened out again." That they went to Mr. Torchia's office; that his wife said: "My husband, Frank, said I have done something that was not right so I want to fix it right again. She said: 'I want him to be entitled to it because he worked for it.'" Witness was questioned about her coming to make the deed. "Q. Did you force her, or did you use any force, or did you compel her by words to come, or did she come voluntarily? A. She came with good willing." Mr. Torchia testified that he explained fully to Mrs. Pometti in the Italian language the effect of the deed; that he asked if she understood and she said that she did not know how it came about, and that she said, "I want that to come back to him." He further testified that she made the deed voluntarily without any suggestion from Mr. Pometti; that he explained to her the effect of the will; that he explained it all to her in the Italian language, which she spoke very well; that he did not misrepresent anything to her; that he explained that if she died first she could not will the property, but that if he died first she would have her community interest; that they discussed the matter that she had no interest unless Mr. Pometti died first.

There is evidence contradictory to the foregoing, but the court having had all of the witnesses before him was in a better position to judge of the truth or falsity of the evidence, and therefore the findings, under well-settled principles of law, will not be disturbed on appeal.

Appellants contend that a constructive trust existed in connection with this property, and that respondent was an involuntary trustee. Such contention is based upon their claim that the deed from husband to wife was given in good faith, but that the deed by the wife to her husband reconveying said property to him was fraudulently obtained, and that the wife was deceived in that she believed she could still will the property, even though she died first. But the findings of the court being sustained, this contention must fail.

It is admitted that the property described in said complaint was community property, and that the said Henrietta Pometti, deceased, had no interest in said property at the time of her death, of which she could make testamentary disposition. The property having been acquired prior to the year 1923, the law vested in the husband, on the death of the wife, the title to the community property.

Appellants further claim: That respondent is barred to assert any right except a life estate in the property, by virtue of the decree of distribution of the estate of Henrietta Pometti, deceased. The decree of distribution distributed only such title as the deceased had at the time of her death. If the deceased does not own the property, obviously the decree of distribution passes no title, and an action to quiet title is the proper method by which to settle the question of ownership and record title.

We find no merit in the appeal.

The judgment is affirmed.

Thompson, J., and Plummer, Acting P. J., concurred.