ESTATE OF FREDERICK R. SHEPHERD, DECEASED, MARJORIE BELL SHEPHERD, EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 80961. Promulgated January 4, 1939.

*H. W. McCulloch, Esq.*, for the petitioner.
*Dean P. Kimball, Esq.*, for the respondent.

OPINION.

MURDOCK: The Commissioner determined a deficiency of $326.17 in estate tax. The first issue is whether the Commissioner erred in including in the decedent's gross estate an item of $145,669.21 on the ground that it represented the value at the date of the decedent's death of trust property over which his father had given him a power of appointment. If that property is to be included in the decedent's gross estate, the next issue is whether the value should be reduced by $5,883.33 representing fees of trustees and attorneys paid out of that property. The final issue is whether or not the value of other trust property included in the decedent's gross estate should be reduced by $13,650, representing fees of trustees and attorneys paid out of that trust. The parties have stipulated the facts and their stipulation is adopted as the Board's findings of fact.

Edward S. Shepherd, father of Frederick R. Shepherd, died testate on August 21, 1922. Edward, hereinafter referred to as the father, created several trusts by his will. One of those trusts will be referred to hereinafter as the article IV trust. Another will be referred to as the article V trust. The article V trust was divided into three portions. We are concerned only with the third portion. The third portion was divided into three parts. We are concerned only with the first part. The first part of the third portion consisted of two-thirds of that third portion. The principal beneficiary was the son, Frederick R. Shepherd, the decedent in the present case. All but one-third of that first part had been distributed to Frederick prior to his death. The remaining one-third was to be distributed to him at the age of 55, but he died testate on March 21, 1932, just before attaining that age. Frederick was given a general power of appointment by will

over any undistributed remainder in that part at his death. He appointed his wife, Marjorie Bell Shepherd, to receive that remaining one-third of the first part of the third portion of the article V trust under his father's will, and she actually received that property pursuant to his appointment. Although that property is not involved in this first issue, the manner of its passing is.

The trustees of the article IV trust under the will of the father were required to make distribution of all of the property in that trust within 21 years after the death of the father, but were authorized to make distribution, in whole or in part, prior to that time as they in their discretion might deem such distribution advisable. They had in their hands at the time of the death of Frederick certain property which they had not seen fit to distribute. Several years after the death of Frederick these trustees decided to distribute all of the property in the article IV trust.

The will of the father provided that the article IV trust should be distributed to the trustee of the article V trust, the latter should divide it into two equal parts and two-thirds of one of those equal parts should be added to the first part of the third portion, except that "If at the time fixed for the making of any such division as above described [of the article IV trust] the entire First Part of the Third Portion shall have been finally distributed, then my trustee shall pay over or divide such two-thirds as would have been added to any such distributed fund to or among the person or persons who participated in the last distribution of the same, in amounts proportionate to the amounts so last distributed to such persons (or if any such beneficiary is then deceased, his said share shall go to his or her descendants *per stirpes*)." The one-third of the article IV trust, (two-thirds of one-half) above mentioned, was distributed in 1935 to Marjorie Bell Shepherd, the wife of Frederick, inasmuch as she had received the final distribution of the first part of the third portion of the article V trust.

There were court proceedings in the Superior Court of Cook County, Illinois, instituted by the trustees of the article IV trust, which affect the present proceeding. The entire record of those proceedings is not before the Board, but the part that is before the Board indicates that the court proceedings were in no sense collusive. There is no reason to infer that they were submitted for the purpose of obtaining a decision which would adversely affect the Government's right to additional estate tax from the estate of Frederick. A number of other parties were interested in and were affected by those proceedings. Apparently the various parties interested worked out a plan for exchanging the property in the article IV trust for 600 shares of beneficial interest in a "Shepherd Realty Trust." There

was no provision in the father's will for such an exchange and that may have been a reason for seeking court authority. The 600 shares were delivered to the article V trustee and 200 of those shares were distributed by that trustee to Marjorie. The court approved of the plan and directed distribution of the 200 shares "to Marjorie Bell Shepherd, if living and if not to her descendants, *per stirpes*." The final decree of the Superior Court of Cook County entered February 1, 1935, from which no appeal has ever been taken, stated in regard to the distribution of the 200 shares of beneficial interest to Marjorie Bell Shepherd:

> The same shall be distributable to said Marjorie Bell Shepherd, not as the appointee under the will of Frederick R. Shepherd, but pursuant to the provisions of section D of Article V of said will [the will of the father], as a person who participated in the last distribution of the First Part of the Third Portion of the trust estate created under Article V of said will of Edward S. Shepherd.

The question for decision is, Did the one-third of the article IV trust finally pass to Marjorie Bell Shepherd under a general power of appointment exercised by the decedent, her husband, by will, as the respondent contends, or did that property pass to her as one of a class designated by the will of the father? The remainder of the first part of the third portion of the article V trust concededly passed under a general power of appointment exercised by the decedent, Frederick R. Shepherd, by his will. The petitioner contends, however, that the one-third of the article IV trust passed to Marjorie under the terms of the father's will rather than under a general power of appointment exercised by the son in his will. The petitioner points out that no mention is made of any power of appointment in connection with the distribution of the article IV trust. The one-third of that trust with which we are here concerned was to go, and did go, to the person who had received the final distribution of the first part of the third portion of the article V trust. Although Marjorie was not mentioned by name in the father's will as one of the legatees to whom the property coming to the article V trust from the article IV trust should be distributed, nevertheless, the petitioner argues that events occurred subsequent to the death of the father which determined her to be one of the class designed by him as ultimate distributees of the article IV trust. These events were (1) the death of Frederick before reaching the age of 55 years, (2) the distribution of the article IV trust after final distribution had been made of the remainder of the first part of the third portion of the article V trust, and (3) the survival of Marjorie until the termination and distribution of the article V trust. The Commissioner replies that this argument loses sight of another event which

was necessary in the chain, and that was the naming by Frederick in his will of Marjorie as the person whom he appointed to receive the property over which he had a general power of appointment, including the remainder in the first part of the third portion of the article V trust created by his father's will. He argues that in fact the son was given a power of appointment over the one-third of the article IV trust. It is true that the article IV trustees might have delayed distribution of that trust until after the death of Marjorie and then the article V trustee would have made the distribution directly to her heirs. The petitioner argues that this possibility shows that she took under the father's will rather than by appointment of her husband.

The question upon which the present controversy necessarily turns, to wit, whether the property originating in the article IV trust eventually passed to Marjorie under a general power of appointment exercised by the decedent, her husband, in his will, rather than solely under the terms of the will of the father, was decided by a court of competent jurisdiction in Illinois, in a proceeding to which the various trustees and beneficiaries under the father's will were parties. That court has held that the property did not pass under a general power of appointment. That was a proper question for decision under the local law. The Board, like the Federal courts, is bound by decisions of the state courts in regard to property rights and the effect of conveyances executed within the state relating to property situated therein. The decision of a state court, until reversed or overruled, establishes the law of that state respecting the distribution of trust property within its jurisdiction and the rights of beneficiaries to that property. *Warburton* v. *White,* 176 U. S. 484; *Tyler* v. *United States,* 281 U. S. 497; *Leser* v. *Burnet,* 46 Fed. (2d) 756; *Freuler* v. *Helvering,* 291 U. S. 34; *Blair* v. *Commissioner,* 300 U. S. 5; *Sharp* v. *Commissioner,* 303 U. S. 624; *Union & Peoples National Bank of Jackson et al., Administrators,* 30 B. T. A. 1277; *Christine Smith Kendrick et al., Executrices,* 34 B. T. A. 1040. Not only has a state court decided the precise question involved herein arising under the facts in this case, but the Commissioner has failed to cite any cases showing that that decision is in conflict with the law of the State of Illinois as established by statute or by decisions of other courts of the state. Cf. *Brainard* v. *Commissioner,* 91 Fed. (2d) 880, where the Circuit Court of Appeals for the Seventh Circuit refused to follow the decision of a Cook County Court which, it held, was in conflict with the law of the state. The Supreme Court granted certiorari in the *Brainard* case, but the appeal was dismissed on March 14, 1938, on motion of the taxpayer, while on the same day the Court rendered a per curiam opinion in the

*Sharp* case, *supra*, in which it cited with approval the *Freuler* and *Blair* cases, *supra.* This property may not be included in the decedent's gross estate under section 302 (f) of the Revenue Act of 1926 as property passing under a general power of appointment exercised by the decedent by will. This being so, the second issue need not be decided.

Proceedings were instituted, following the death of the decedent, for the instruction of the article IV trustees and the article V trustee under the will of the father. The Commissioner has included in the decedent's gross estate the value at the date of his death of the property remaining in the first part of the third portion of the article V trust. Trustee's fees, guardian's fees, attorneys' fees, and costs of the litigation, above referred to, were incurred by the article V trustee and a portion thereof was charged against the first part of the third portion of the article V trust in the amount of $13,650. That amount was deducted from the remainder of the first part of the third portion of the article V trust before it was distributed to the decedent's appointee, Marjorie Bell Shepherd. The petitioner contends that the value of the remainder of the first part of the third portion of the article V trust which may properly be included in the gross estate of the decedent was the value of that property at the date of the decedent's death reduced by the portion of the expenses of the litigation subsequently paid from those funds before they were distributed to Marjorie Bell Shepherd. The parties have stipulated that the amount which the Commissioner has included in the decedent's gross estate was the value at the date of the decedent's death of the remainder in the first part of the third portion of the article V trust, "without any deductions on account of the liability of said trust estate for trustee's fees, attorneys' fees, or costs of litigation." There is no showing, however, that there was any liability at that time for the fees and costs mentioned, nor is there any showing that the value at that time of the property passing under the general power of appointment of the decedent was less than the amount determined by the Commissioner. The value of that property at that time is the value which is to be included in the decedent's gross estate under section 302 of the Revenue Act of 1926. This provision was amended by the Revenue Act of 1935, but the amendment does not apply to the estate of this decedent since the decedent died prior to the effective date of the amendment.

Reviewed by the Board.

*Decision will be entered under Rule 50.*