*522 OPINION.
Van Fossan:
In these cases we have the question whether payments made from the income of the estate of an incompetent woman, pursuant to order of a California court having jurisdiction of the estate, the payments being for the maintenance and support of the husband of the incompetent and her two daughters, are subject to gift tax under the provisions of section 501 of the Revenue Act of 1932, as amended by the Revenue Acts of 1934 and 1935. There is also involved the status of payments made in 1937 by way of distribution of the surplus income of the estate. Deficiencies for the years 1936 and 1937 only are in contest but computation of the deficiencies involves consideration of prior years and the extent to which the statutory exemption was exhausted in such years.
In support of the contention that none of the payments were gifts, petitioner urges that the incompetent was incapable of forming a donative intent; that the payments were obligatory under California law; that the action of the California court of jurisdiction is binding and can not be questioned by this Board.
We can not agree with petitioner’s first argument, based on the inability of the incompetent to form a donative intent. When the property of an incompetent is placed in the hands of the court, the court acts for, and in the place and stead of the incompetent. In such a situation the incompetent, acting through the court, could make a valid gift. City Bank-Farmers Trust Co. v. Hoey, 23 Fed. Supp. 831; affd. (C. C. A., 2d Cir.), 101 Fed. (2d) 9; Farwell v. Commissioner, 38 Fed. (2d) 791; In re Farmers' Loan & Trust Co., 168 N. Y. S. 952.
We agree, however, with petitioner’s position, and respondent does not seriously contend otherwise, that, in so far as the court of jurisdiction in the matter decreed the payments to be necessary for the support and maintenance of the dependents of the incompetent and so ordered, this Board is powerless to review such action. Freuler v. Helvering, 291 U. S. 35; Blair v. Commissioner, 300 U. S. 5; Susan B. Armstrong, 38 B. T. A. 658; Estate of Frederick R. Shepherd, 39 B. T. A. 38. There is no claim by respondent that the payments were procured by collusion. It matters not that we might, on the evidence, have acted differently. The orders of the court have become final and are conclusive.
*523 It is stipulated, in effect, that the husband and two daughters were at all times dependent on the estate for maintenance and support and that except for the support so received they “have at all times since prior to June 6,1932, been poor persons unable to maintain themselves by work”, thus satisfying the requirements of section 206 of the California Civil Code.[1] See also section 1502, California Probate Code [2] and cases cited below.[3]
Thus all payments specifically allowed and ordered by the court as necessary for the maintenance and support of the three dependents take their character from such orders, and, being in satisfaction of an obligation imposed by law, are not to be classed as gifts.
The above conclusion eliminates from discussion all items except the payment of $1,500 to each of the daughters pursuant to the court order of October 19, 1931. These payments were authorized by the court after receipt of a petition of the daughters, dated September 18, 1931, in which a partial account of the income and expenses of the estate was incorporated. The petition recites the fact of the allowance of $1,250 per month to each daughter for maintenance and support; informs the court of the impossibility of the incompetent returning to competency; states that “no purpose is served by further accumulations of income in said estate”, and asks distribution of “all or so much of the aforesaid surplus income” as the court shall deem proper. The order of the court decreed as follows: “That the sum of $7,500 be and it is hereby allowed and distributed to each of the said Carolyn L. Loan and Beatrice L. Pauli out of the aforesaid surplus income of said ward.” The order did not purport to authorize additional payments for maintenance and support. The question is, Were they gifts?
Light is thrown on the situation by examination of the order of the court dated May 13, 1937, denying an application of the guardian dated March 18, 1937, for authority to make a similar distribution of all or part of the surplus income to the children. It was stated “that this court is not convinced that said Alice H. Lester, if she were competent and able to act for herself, would at this time make to each of her said daughters a gift of income as frayed for in said, fetiUon?"[1] After the above observation the court “ordered, adjudged and decreed *524 as follows: That said petition be and it is hereby denied in so far as an allowance or distribution in the nature of a gift to said daughters of said Alice H. Lester of the aforesaid income of said ward, or any part thereof, is concerned.” (Emphasis supplied.) The court thereupon made a special additional allowance to each daughter specifically for maintenance and support.
The payments of $7,500 were exactly such payments as would have been made in response to the petition of the guardian had] the court then been convinced that it should authorize the payments. Although the characterization by the court of the payments as gifts in denying a previous application is not in the same category and of the same legal effect here as the characterization of payments for maintenance and support, at the least it ist persuasive. If distributions of surplus income, not specifically for maintenance and support, were, in the court order denying the application of the guardian to distribute surplus income, properly characterized as “a gift of income” or “in the nature of a gift”, it would seem to follow that such distributions of income, when authorized on the petition of the daughters,, constituted gifts. In our opinion the payments of $7,500 to the daughters in 1937, not being for maintenance and support and thus not being in satisfaction of an obligation imposed by law, were gifts. Albeit it is stipulated that the payments were made by virtue of section 1558 of the California Probate Code providing for distribution of surplus income to the next of Mn whom the ward would, in the judgment of the court, have aided if said ward had been of sound mind, we are convinced that in authorizing such payments the court considered that it was authorizing gifts in the amounts specified, City Bank-Farmers Trust Co. v. Hoey, supra; Farwell v. Commissioner, supra, and cases there cited. We hold these payments taxable as gifts.
Certain minor adjustments arising from concessions of the parties will be taken into account in the recomputation consequent hereon.
Reviewed by the Board.

Decisions will be entered wnder Bule 50.

Mellott dissents.

 It is the duty of the father, the mother and the children of any poor person who is unable to maintain himself by work, to maintain such person to the extent of their ability. [Sec. 206, California Civil Code.]

 Every guardian of an estate must manage it frugally and without waste, and apply the income, as far as may be necessary, to the comfortable and suitable support, maintenance and education of the ward and his family, if any; and if the income is insufficient for that purpose, he may sell or mortgage or give a deed of trust upon any of the property, as hereinafter provided^ [Sec. 1502, California Probate Code.]

 Tuller v. Superior Court, 10 Pac. (2d) 43 (Cal.) ; Janes v. Edwards, 41 Pac. (2d) 370 (Cal.) ; 20 California Jurisprudence 416; Gamble v. Leva, 102 So. 120 (Ala.).