ESTATE OF CARRIE M. BOTTS, DECEASED, TRANSFEREE, HOMER H. TOOLEY, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.
JOHN PARKER, ENTITLED AS "MR. JOHN PARKER, TRANSFEREE," PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 96766, 96854.   Promulgated October 15, 1940.

*Byron Coleman, Esq.*, for the petitioner in Docket No. 96766.
*Adolphus E. Graupner, Esq.*, for the petitioner in Docket No. 96854.
*E. A. Tonjes, Esq.*, for the respondent.

## OPINION.

VAN FOSSAN: The only issue for our consideration concerns the liability of petitioners as transferees for income taxes of James M. Botts, deceased, for the year 1933. Petitioners contend that respondent is barred by the statute of limitations. They maintain that, in any event, they received nothing from the estate of James M. Botts and, hence, are not transferees of assets of the deceased. They further claim that our decision fixing the deficiency of the alleged transferor was void. Petitioner Parker urges that he was a specific legatee and action against him may not be taken until respondent has proceeded against the residuary beneficiaries. Respondent argues that the limitation period has not run and asserts that Carrie M. Botts and Parker received assets in the distribution of James M. Botts' estate. He denies that petitioners may here attack the validity

of our decision regarding the liability of James M. Botts, deceased, for income taxes in the year 1933.

Our first inquiry relates to the question of whether or not respondent is barred by the statute of limitations. Respondent asserts that the filing of form 1040 by Carrie M. Botts on March 15, 1934, did not constitute the filing of a return which would start the statute running. We can not agree.

Carrie M. Botts, one of the two persons for whom the return purported to speak, included income and deductions of her husband and herself and stated that it was a joint return. The "return" was received by respondent and was audited in due course, and a deficiency was asserted against the husband's estate. It appears to have complied with the law. *Germantown Trust Co.* v. *Helvering*, 309 U. S. 304. See *Mrs. D. Sydney Smith*, 4 B. T. A. 385.

In our opinion the statute began to run upon the filing of the return by Carrie M. Botts. The limitation period was extended until June 30, 1937, by a consent signed by Carrie M. Botts as taxpayer and Dollar as executor of James M. Botts' estate. On May 14, 1937, respondent sent Dollar, as executor of the estate of James M. Botts, a notice of deficiency relating to income taxes of the decedent for the year 1933 in the sum of $21,038.71. On July 7, 1937, Dollar filed a petition with this Board in response to the notice of deficiency dated May 14, 1937. Section 272 (a) of the Revenue Act of 1932, as amended by section 501 of the Revenue Act of 1934, prohibits respondent from making an assessment of a deficiency until after the expiration of the 90-day period within which the taxpayer may appeal to the Board or, if a petition has been filed with the Board, until the decision of the Board has become final. Section 277 of the Revenue Act of 1932 provides for the suspension of the statute of limitations for the period during which respondent may not assess, and for 60 days thereafter. Petitioners contend that the notice of deficiency dated May 14, 1937, was void because it was addressed to Dollar, who had previously been discharged as executor of the estate of James M. Botts. They maintain that a void notice of deficiency will not prohibit respondent from making an assessment and, hence, will not suspend the statute of limitations.

We are of the opinion that the notice of deficiency was valid. Respondent sent the notice to Dollar, who had been executor of the estate. The record shows Dollar had not, prior to his receipt of the notice, informed respondent of his discharge. Section 312 (a) of the Revenue Act of 1932 provides that upon notice to respondent of fiduciary capacity the fiduciary shall "assume the powers, rights, duties and privileges of the taxpayer * * * until notice is given that the fiduciary capacity has terminated." At the time Dollar received the notice he was still the "taxpayer" to whom the notice of deficiency

might be addressed. Respondent has complied with requirements of the law in this regard. *Jessie Smith, Executrix*, 24 B. T. A. 807.

Petitioners assert that we had no jurisdiction in the proceeding begun by the petition filed by Dollar as former executor of the estate of James M. Botts, citing *Estate of Joseph B. Dabney*, 40 B. T. A. 276. The cited case is not in point here, because in that case a jurisdictional question was raised upon the initiation of the proceeding by the administrator. Such is not the fact here. The facts here are more comparable to those in *Marie Minor Sanborn*, 39 B. T. A. 721; affd., 108 Fed. (2d) 311. There, a notice of deficiency was sent to the discharged executrix and coexecutor of the estate of the deceased taxpayer. The executrix and coexecutor in due course filed a petition with this Board for the redetermination of the proposed deficiency. Both petitioners in their verifications of the petition stated that they had been discharged as representatives of the estate. We rendered an opinion and entered a decision finding a deficiency. Respondent was unable to collect the amount of the deficiency because no assets remained in the estate and proceeded against the former executrix of the deceased taxpayer as "transferee and/or fiduciary." In considering the question of suspension of the statute of limitations by the proceeding commenced in the Board by the discharged representatives of the estate, we stated:

First, while it may be conceded for present purposes that the discharge of petitioners as executors terminated their powers under the law of the State of Missouri, it does not follow that for purposes of Federal taxation they were without standing, particularly that their authority with respect to the institution on behalf of the estate of a proceeding before the Board was terminated.

We further stated:

* * * And entirely beyond this the provisions of the Revenue Act of 1928, section 312, make it clear that the power under the revenue act of a fiduciary to represent and take the place of the taxpayer, upon notice of a fiduciary relationship, does not terminate until contrary notice. Petitioner's signature, verification, and filing of an income tax return entitled "Mrs. Marie N. Sanborn, Executrix, Estate of Dr. W. E. Minor, Deceased" and executed "Marie M. Sanborn, John A. Minor, Executors" clearly gives the first type of notice. It was given on April 9, 1930, after the discharge on which petitioner relies as terminating her authority and as far as the record shows nothing happened thereafter to change the situation until after the filing of the petition in 1932. Even though it be conceded, as petitioner contends, that the petition was notice to the Commissioner of the termination of such fiduciary responsibility, that notice could not have been brought to the Commissioner's attention until after the petition had actually been filed with the Board. This filing can thus by no remote inference be regarded as ineffectual, invalid, or void in so far as the provisions of the Federal revenue laws are concerned.

Second, the proceeding thus placed upon the docket of the Board, even though it had not been commenced under circumstances giving it every aspect of

legality, would nevertheless have been sufficient to toll the running of the statute. And it would have had that effect until the decision of the Board therein became final, even though the circumstances had been such that they would eventually have required the dismissal of the petition. Revenue Act of 1928, sec. 277. Both the express language of the section and the purpose to be served call for that interpretation. "Because the effect of the passage of time would be the same whether the Board made its decision on the merits or on some other ground, if the period stated in the statute of limitations meantime expired, it is reasonable to believe that Congress did not intend to have the time a proceeding was pending before the Board counted any more when the decision was a dismissal for want of jurisdiction than when it was not." *American Equitable Assurance Co. of New York* v. *Helvering*, 68 Fed. (2d) 46 (C. C. A., 2d Cir.), affirming 27 B. T. A. 247.

In the present proceeding sufficient notice of fiduciary capacity was given respondent by Dollar's signature as executor on the consent extending the period of limitation for assessment filed February 15, 1936. Here, as in the *Sanborn* case, the executor gave respondent no notice of his discharge before filing the petition before the Board. The filing of the petition suspended the running of the statute of limitations. The proceeding was pending upon our docket and tolled the statute during its pendency.

Our decision in regard to the deficiency of James M. Botts, deceased, for the year 1933, did not become final until October 20, 1938. The limitation period applicable to these petitioners could not expire until at least one year and 60 days from October 20, 1938. Revenue Act of 1932, sec. 311 (b) (1). The notices of deficiency addressed to petitioners in the present proceeding were dated November 10, 1938, well within the statutory period. We hold, therefore, that respondent is not barred by the statute of limitations.

We now turn to petitioners' contention that the shares of stock of the American Marine Paint Co. were owned by Carrie M. Botts as survivor of the joint tenancy and should not have been included in the estate of the deceased husband. California law must determine whether or not the shares were received from the estate or by virtue of the joint tenancy. *Freuler* v. *Helvering*, 291 U. S. 35; *Blair* v. *Commissioner*, 300 U. S. 5; *Sharp* v. *Commissioner*, 303 U. S. 624; reversing *per curiam*, 91 Fed. (2d) 802; *Susan B. Armstrong*, 38 B. T. A. 658; *Estate of Frederick R. Shepherd*, 39 B. T. A. 38. The Supreme Court in *Freuler* v. *Helvering, supra*, said:

* * * The decision of that court, until reversed or overruled, establishes the law of California respecting distribution of the trust estate. It is none the less a declaration of the law of the state because not based on a statute, or earlier decisions. The rights of the beneficiaries are property rights and the court has adjudicated them. What the law as announced by that court, adjudges distributable is, we think, to be so considered in applying section 219 of the Revenue Act of 1921.

In the case of *Frederick R. Shepherd, supra,* we said:

\* \* \* The Board, like the Federal courts, is bound by decisions of the state courts in regard to property rights and the effect of conveyances executed within the state relating to property situated therein. The decision of a state court, until reversed or overruled, establishes the law of that state respecting the distribution of trust property within its jurisdiction and the rights of beneficiaries to that property. \* \* \*

Petitioners here assert that the law of California is contrary to the conclusions to be drawn from the decree of settlement of the estate of James M. Botts and cite the cases of *Young* v. *Young,* 126 Cal. App. 306; 14 Pac. (2d) 580; *Williams* v. *Williams,* 160 Cal. 625, and others for the proposition that a surviving joint tenant takes property to the exclusion of the estate of the deceased tenant. They point out that the decree of the Probate Court distributed only such title as the deceased had at the time of his death and urge that the deceased had no power to pass title to the stock to his estate or heirs, citing *Pometti* v. *Laraia,* 134 Cal. App. 545; 25 Pac. (2d) 857. We are not constrained to inquire behind the decree of the Superior Court of California. So far as we are concerned, the court's decree of settlement of the estate of James M. Botts is the law of the case. Petitioners received the shares in the distribution of the estate.

Petitioner Parker, however, contends that his status as specific legatee defers any transferee proceedings against him until it has been shown that the residuum of the estate was insufficient to pay the deficiency. He relies on section 750 of the California Probate Code, which provides that specific legacies are exempt from claims of creditors if the Probate Court finds such exemption necessary in order to carry out the testator's intent, and there is sufficient other estate to satisfy the claim. The effect of this statute in the instant proceeding is not for us to consider. Moreover, the record does not reveal that the Probate Court has taken any action affecting the collection of the taxes due.

Both petitioners received assets from the estate of James M. Botts in excess of the deficiencies asserted by respondent against the estate. We hold that petitioners are transferees of the estate of James M. Botts, and that each is liable for the deficiency in income taxes of deceased for the year 1933 in the sum of $16,507.80.

*Decisions will be entered for the respondent.*