[Civ. No. 18187. Second Dist., Div. Three. Aug. 20, 1951.]

THEODORE U. SHELTON, Appellant, v. VIRGINIA MAY VANCE, Respondent.

[Civ. No. 18188. Second Dist., Div. Three. Aug. 20, 1951.]

VIRGINIA MAY VANCE, Respondent, v. THEODORE USOR SHELTON, Appellant.

Feinfeld & Feinfeld and J. L. Feinfeld for Appellant.

Deryl D. Shumway and Martin C. Colvin for Respondent.

VALLÉE, J.—These are appeals from judgments in two actions. They were consolidated for trial below and are submitted here on one set of briefs. They involve a parcel of realty which is improved with a furnished rooming house. Number 18187 also involves the furniture and furnishings in the rooming house.

Theodore Shelton brought 18187 for partition of the realty and the furniture and furnishings, and for an accounting of rents from the rooming house.

Virginia Vance brought 18188 to quiet title to the realty.

The judgment in 18187 was that Theodore take nothing by his complaint. Judgment in 18188 quieted title to the realty in Virginia. Theodore appealed from both judgments.

Theodore and Virginia are brother and sister. They had a sister Blanche, now deceased. On August 20, 1938, Theodore, Virginia and Blanche acquired title to the realty as joint tenants. On October 12, 1945, Blanche signed, acknowledged, and delivered a deed conveying her interest in the realty to Virginia. This deed was not recorded. It was absolute on its face. In February or March, 1947, Virginia returned this deed to Blanche. On August 19, 1947, Theodore conveyed his interest in the realty to William Vance, who conveyed it to Virginia.

Blanche died on January 22, 1948. A one-third interest in the realty was inventoried as a part of her estate, and the decree of distribution purported to distribute it to Theodore and Virginia.

The court found and decreed that Virginia owns the realty in fee and that Theodore has no interest therein. Theodore's theory seems to be that the return by Virginia to Blanche of the deed theretofore delivered to Virginia by Blanche, in some fashion reconveyed a one-third interest in the property to Blanche, and that by reason of the decree of distribution in the estate of Blanche a one-sixth interest in the realty is vested in him. His claims as to the realty are untenable.

The deed from Blanche to Virginia severed the joint tenancy as between the interest acquired by Virginia from Blanche and the interests held by Virginia and Theodore in joint tenancy. Virginia was then a tenant in common as to a one-third interest, and a two-thirds interest was held by her and Theodore in joint tenancy. (*Reiss* v. *Reiss,* 45 Cal.App.2d 740, 747 [114 P.2d 718] ; *McDonald* v. *Morley,* 15 Cal.2d 409, 412 [101 P.2d 690, 129 A.L.R. 810] ; Anno. 129 A.L.R. 816.)

Where "one of three or more joint tenants conveys his interest to a third person, the latter then becomes a tenant in common, instead of a joint tenant, with the other, although such others remain joint tenants as between themselves." (*Hammond* v. *McArthur,* 30 Cal.2d 512, 516 [183 P.2d 1] ; *Estate of Galletto,* 75 Cal.App.2d 580, 585-588 [171 P.2d 152].) When Theodore conveyed his interest to Wil-

liam Vance a joint tenancy no longer existed. Virginia, through her original holding of a one-third interest and by the conveyance from Blanche of a one-third interest, was the owner of two-thirds interest as a tenant in common with William Vance. Thereafter Virginia acquired the interest of William Vance and thus became the owner of the entire fee in the property.

The return of the deed by Virginia to Blanche did not have the effect of reconveying a one-third interest in the property to Blanche. It did not operate to reconvey title. Title could only be conveyed from Virginia to Blanche by a conveyance in writing. Civil Code section 1058 provides: "Redelivering a grant of real property to the grantor, or canceling it, does not operate to retransfer the title." (See *Sylvester* v. *Kirkpatrick*, 79 Cal.App.2d 443, 450 [180 P.2d 36]; *Wachner* v. *Richardson*, 14 Cal.App.2d 422, 428 [58 P.2d 714]; *Cranmer* v. *Porter*, 41 Cal. 462, 466.)

The decree of distribution in the estate of Blanche did not have the effect of establishing title to a one-third interest in Blanche at the date of her death, nor did Theodore acquire any interest therein by reason of the decree of distribution.

While a decree of distribution is conclusive as to the rights of heirs, legatees, or devisees, insofar as they claim in such capacities, it does not determine that the deceased had any title to property distributed; nor does it bind third persons who claim an interest adverse to that of the intestate or testator. It merely determines the succession or testamentary disposition of such title as the decedent may have had. (*Rockey* v. *Vieux*, 179 Cal. 681, 682 [178 P. 712]; *Archer* v. *Harvey*, 164 Cal. 274, 278 [128 P. 410]; *Cooley* v. *Miller & Lux*, 156 Cal. 510, 513-519 [105 P. 981].) A decree of distribution distributes only such title as the deceased had at the time of his death. (*Pometti* v. *Laraia*, 134 Cal.App. 545, 549 [25 P.2d 857].) It does not have the effect of conclusiveness as against a party whether he be an heir or a devisee or legatee under a will where his individual property has been included among the assets of the estate and has been distributed by the decree. (*Shaw* v. *Palmer*, 65 Cal.App. 441, 446 [224 P. 106].) Blanche did not, at the date of her death, have any interest in the property. Theodore did not therefore acquire any interest therein by the decree of distribution.

The complaint in 18187 is in three counts: count one is for partition of the realty; count two is for partition of the furniture and furnishings of the rooming house; count three

is for an accounting of the rents from the rooming house. In count two Theodore alleged that he and Virginia are the owners of "the furniture and furnishings, bedding, linens, etc." in the rooming house, and that each has an undivided one-half interest therein. In her answer Virginia admitted these allegations. Notwithstanding the admissions the court found that these allegations of count two are untrue. The finding was error. When allegations in a complaint are admitted by the answer, a finding thereon is unnecessary and a finding contrary thereto is error. (*Lifton* v. *Harshman,* 80 Cal.App.2d 422, 431-432 [182 P.2d 222].)

The judgment in 18188 (Superior Court No. 558074) is affirmed. The judgment in 18187 (Superior Court No. 557195) is affirmed insofar as it adjudged that plaintiff (Theodore Shelton) take nothing as to counts one and three of his complaint. The judgment in 18187, insofar as it denies the plaintiff any relief under count two of the complaint, is reversed with directions to take such proceedings as may be necessary to effect a partition of the personal property described therein. The parties will bear their own costs on appeal.

Shinn, P. J., and Wood (Parker), J., concurred.